**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THI+RD CIRCUIT
_____

No. 13-4043
_____

CYRUS R. SANDERS,
                                        Appellant

v.

EMANUEL ROSE, Dauphin County Prison Officer; LT.  HEWITT;
COUNSELOR  JILL, P-Unit; WARDEN  DEROSE; DAUPHIN COUNTY PRISON;
UNKNOWN OFFICERS; TANYA BRYANT, DAUPHIN COUNTY PRISON
OFFICER; CRIEGHTON, DAUPHIN COUNTY PRISON OFFICER; LT. CARNAZZO;
MAJOR STEWART; UNKNOWN INTAKE COUNSELORS; CONNIE OROSZ;
UNKNOWN MAILROOM AND LAW LIBRARY STAFF; FRANK J. LAVERY;
WILLIAM TULLY; DAUPHIN COUNTY PRISON BOARD; JEFFREY HASTE;
DAUPHIN COUNTY COMMISSIONERS OFFICE; C.O. JOANN CRYDER;
THRONE; JILL CUFFARO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-01241)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2014
Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 21, 2014)

_____

OPINION
_____

1

PER CURIAM

Cyrus R. Sanders appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his civil rights complaint. For the reasons that follow, we will affirm the District Court's judgment in part, vacate it in part, and remand for further proceedings.

I.

Sanders filed a complaint in the District Court alleging that the prison denied him access to the courts, interfered with his mail, used excessive force, and conducted inadequate misconduct proceedings. All allegations stemmed from incidents occurring from October through December of 2009 when he was incarcerated as a pretrial detainee at Dauphin County Prison. On screening, the District Court determined that with respect to some of the claims, Sanders had failed to associate a particular named defendant with a particular violation, and that some of the claims "involve[d] completely separate incidents and different Defendants," in violation of Rule 20 of the Federal Rules of Civil Procedure. Dkt. 11 at 2-3. The Court also informed Sanders that his complaint violated Rule 8 of the Federal Rules of Civil Procedure, noting that it requires averments to be "simple, concise, and direct." The Court afforded Sanders 14 days in which to file an amended complaint that "must comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20." Dkt. 11 at 5. The order further provided that if the amended complaint complied with Rule 8, but not with Rule 20, "the Court will dismiss all but the first count of the

2

amended complaint." Id.

Sanders filed a new complaint, adding a few parties and dividing the allegations into separate counts. The Court stated:

> [I]t is clear that Sanders again violates Rule 20(a) and files a complaint that alleges many claims that are completely unrelated and do not arise out of the same transaction or occurrence or series of transactions or occurrences. Furthermore, the claims do not all involve an issue of law or fact common to all defendants. In fact, Sanders basically resubmits his original complaint but this time divides it into Counts and labels each cause of action. For these reasons, the Court will strike all but the first count of the amended complaint ("Denial of Law Library and Access to the Courts"), and address Defendants' motion to dismiss with respect to this count.

Dkt. 63 at 7. The District Court then found that Count One, the access to the courts claim, should be dismissed for failure to state a claim, because Sanders had not alleged that the lost appeal he claimed in that count involved a nonfrivolous claim. The Court gave Sanders another opportunity to file an amended complaint "limited solely to the access to the courts claim." Dkt. 63 at 12. Sanders filed a motion for reconsideration of that order, which was denied. Dkt. 64, 85.

Sanders filed another amended complaint, again raising all of the allegations from the first complaint. Again, the Court struck all but Count One because Sanders had improperly included the other counts, and it granted the Defendants' motion to dismiss Count One, as Sanders had "again failed to describe the nature of the underlying claim that was allegedly lost other than his right to appeal a private criminal complaint, which is unfortunately an 'incidental consequence of conviction and incarceration.'" Dkt. 90 at 8 (quoting Lewis v. Casey, 518 U.S. 343, 355 (1996)). Sanders filed a timely notice of

3

appeal.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's order granting Defendants' motion to dismiss. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm a district court for any reason supported by the record. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

The District Court analyzed Sanders' access to the courts claim under Casey, 518 U.S. 343, but that case concerns the rights of a convicted prisoner. In Casey, the Court noted that a prison only needs to provide tools for inmates to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. At 355. The Court held that "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and

---

[1] Sanders also filed a motion for reconsideration in the District Court, pursuant to Fed. R. Civ. P. Rule 59(e), arguing that Rule 21 prevented the Court from dismissing on the basis of misjoinder, see analysis, infra, but he filed it more than 28 days after the District Court entered its final order. See Fed. R. App. P. Rule 4(a)(4) (timely Rule 59(e) motion, or Rule 60 motion filed within 28 days after judgment is entered tolls time to file appeal). As the motion was not timely, the Defendants argued that Sanders' notice of appeal divested the District Court of jurisdiction to consider the motion. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). The District Court has taken no action on Sanders'

4

incarceration." Id. The District Court noted that Sanders had "failed to describe the nature of the underlying claim that was allegedly lost other than his right to appeal a private criminal complaint," and held that losing that appeal was a consequence of "conviction and incarceration." Dkt. # 90, at 8, quoting Casey, 518 U.S. at 355.

Although Casey "limits the types of cases in which the prison must provide affirmative assistance, it does not give free reign to prison authorities to interfere with and impede a prisoner's pursuit of other legal actions." Cohen v. Longshore, 621 F.3d 1311, 1317 (10th Cir. 2010) (emphasis added). Further, because Sanders was a pretrial detainee at the time in question, Casey's limitations on the types of predicate cases that can support an access-to-courts claim do not plainly apply. See Casey, 518 U.S. at 355 (impairment of litigation is consequence of *conviction* and incarceration). Nevertheless, to sufficiently plead an access-to-courts claim, even a non-prisoner must plead that "official acts . . . may allegedly have caused the loss . . . of a meritorious case." Christopher v. Harbury, 536 U.S. 403, 416 (2002).

We agree that Sanders' allegations failed to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Sanders' second amended complaint only indicated that his lost appeal concerned a private criminal complaint and stolen property. The Court was left to guess whether the suit had any merit. See Harbury, 536 U.S. at 416 (access-to-courts claim filed by non-prisoner failed because complaint did not describe predicate claim "well enough to apply

motion.

5

the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope").

III.

We now turn to the District Court's decision to strike and dismiss all counts of the complaint other than Count One. Pursuant to Rule 8(a), a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." We review a dismissal pursuant to Rule 8 for abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Rule 20 allows a plaintiff to join defendants in one action if he asserts a right to relief arising out of the same transaction or occurrence and "any question of law or fact common to all defendants will arise in the action." Under Rule 21, a district court "may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party," but "[m]isjoinder of parties is not a ground for dismissing an action." A district court's decision to drop certain parties under Rule 21 also is reviewed for abuse of discretion. Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009).

The District Court did not abuse its discretion when it asked Sanders to amend his original complaint to comply with the Federal Rules; our review of that complaint confirms that Sanders did not tie specific named defendants to most of the allegations. We further agree with the District Court that "[a]llowing a prisoner to include a host of separate, independent claims, would circumvent the filing fee requirements of the PLRA." Dkt. 11 at 4; see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

6

(prisoner's complaint including 24 defendants and approximately 50 claims should have been brought in separate complaints so as not to circumvent PRLA); cf. Hagan, 570 F.3d at 154-55 (PLRA did not alter text of Rule 20 or make any reference to it, nor did it repeal Rule 20 by implication).  We cannot agree, however, that the claims here should have been raised in separate complaints.  All of the incidents occurred within the course of a few months and all concerned Sanders' treatment as a pretrial detainee in one prison.  A court might find those shared facts to be sufficient for Rule 20; but even if the Court did not abuse its discretion by finding that Sanders' first amended complaint violated Rule 20, it did so by finding that his second amended complaint violated that rule.

In his second amended complaint, Sanders clarified the connections between the counts.  Count I alleged that Sanders was denied access to the prison library and lost the ability to appeal in one of his cases.  Count II of the second amended complaint alleged that after that happened, on October 26, 2009, one of the prison counselors, Jill Cuffaro, brought Sanders a form to sign to acknowledge that he had been given orientation instructions and access to prison services.  He signed "Mickey Mouse" to show his displeasure at having been denied library access.  Later that day, Cuffaro returned to the unit and expressed anger about someone "disrespecting her" by signing "Mickey Mouse."  Sanders admitted that he had done so.  On the same day, he alleged that he was brutally beaten by Officer Emanuel Rose, other unknown prison guards, and a rookie officer in training, Tanya Brant.  Sanders alleged the treatment was in retaliation for his complaint about library access.  Indeed, he specifically alleged that officers sang the "Mickey

7

Mouse" song as they dragged him to another cell. Count III alleged denial of due process through a "fraudulent misconduct" issued for the October 26, 2009, incident. Count IV alleged that unknown mailroom staff confiscated some of his mail in retaliation for complaining about his treatment at the prison. Count V alleged that the grievance procedures at the prison were inadequate. Second amended complaint, Dkt. 74. Accepting these allegations as true, and drawing from them all reasonable inferences, we find a sufficient connection among the counts. The District Court erred when it concluded that the second amended complaint contained "claims that are completely unrelated and do not arise out of the same transaction." Dkt. #63 at 4. There was no Rule 20 violation.

We recognize that the District Court ordered Sanders to file a second amended complaint containing only Count One. Sanders disregarded that order. Sanders asked the District Court to reconsider its earlier order, and the Court denied his motion. But given Sanders' pro se status, and given the fact that his second amended complaint cured the Rule 20 violations, we hold that the District Court abused its discretion in dismissing the remaining counts without considering them on the merits.[2]

---

[2] Because the District Court does not appear to have dismissed the remaining counts as a sanction for disobeying the court order, we need not reach the issue of whether the Court should have performed an analysis pursuant to Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); however, using that analysis, it does not appear that dismissal would have been warranted.

8

For the foregoing reasons, we will vacate the District Court's order and remand so that the District Court can consider the merits of the second amended complaint (other than Count One). We express no opinion on the merits of Sanders' claims, and our opinion does not preclude the Defendants from raising any affirmative defenses that may be available.