NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1123
_____

CYRUS R. SANDERS,
                              Appellant

v.

EMANUEL ROSE, Dauphin County Prison Officer;
LT. HEWITT;  WARDEN DEROSE;
DAUPHIN COUNTY PRISON; UNKNOWN OFFICERS;
CRIEGHTON, Dauphin County Prison Officer;
LT. CARNAZZO; MAJOR STEWART;
UNKNOWN JOHN DOE PRISON GUARDS;
UNKNOWN INTAKE COUNSELORS;
CONNIE OROSZ; UNKNOWN MAILROOM AND LAW LIBRARY STAFF;
FRANK J. LAVERY;  WILLIAM TULLY;
DAUPHIN COUNTY PRISON BOARD;
JEFFREY HASTE;  DAUPHIN COUNTY COMMISSIONERS;
C.O. JOANN CRYDER; ROBERT THRONE;
JILL CUFFARO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-01241)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2019

Before: GREENAWAY, JR, RESTREPO and FUENTES, Circuit Judges

(Opinion filed: April 3, 2020)

———————

OPINION[*]

———————

PER CURIAM

Cyrus R. Sanders appeals from the District Court order that granted the Defendants' summary judgment motion in his civil rights action. For the reasons that follow, we will vacate the District Court's order granting summary judgment, as well as its prior order granting Defendants' motion to clarify claims remaining in the action, and we will remand for further proceedings.

I.

Sanders filed his initial complaint in 2009 when he was a pretrial detainee at Dauphin County Prison.[1] In October 2012, the District Court dismissed all counts of Sanders' second amended complaint, except Count I (an access-to-courts claim), determining that Sanders had violated Rule 20 of the Federal Rules of Civil Procedure, by attempting to include unrelated counts in his complaint. See Dkt. #63. The Court later dismissed Count I for failure to state a claim upon which relief could be granted. See Dkt. #90. On appeal, we affirmed the District Court's dismissal of Count I but determined that there was no Rule 20 violation because all of the counts of the second

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As we write for the parties, who are familiar with the facts and the procedural posture of this case, we address the facts and procedure only briefly.

2

amended complaint were related. <u>Sanders v. Rose</u>, 576 F. App'x 91, 94-95 (3d Cir. 2014) (per curiam, not precedential). We affirmed in part, vacated in part, and remanded for consideration of claims in Sanders' second amended complaint other than Count I. <u>Id.</u> at 95.

After remand, the Defendants filed a motion to dismiss. The District Court granted the motion in part and denied it in part. The order specifically stated, among other things, that "Defendants' motion to dismiss is hereby DENIED as to Plaintiff's retaliation claim," and "DENIED as to Plaintiff's claims of substantive and procedural due process violations resulting from the November 2, 2009 misconduct hearing." Dkt. #134. The order also allowed Sanders' excessive force and failure to intervene claims to go forward against certain defendants. The Defendants then filed a motion for clarification regarding the order, expressing confusion about whether the excessive force and due process claims remained against certain defendants who had already been dismissed or who had not been served. Dkt. #135. The District Court issued an order and memorandum; the order stated, in full:

> In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**
> 1. Defendants' motion to clarify (Doc. No. 135) is **GRANTED** as set forth below.
> 2. The only claims that remain in this action are (1) the excessive force and failure to intervene claims leveled against Defendants Rose, Cryder, Throne and the Unknown Officers, and (2) the procedural and substantive due process claims leveled against Defendants Hewitt and Cufarro. All other claims are DISMISSED and all other Defendants terminated from this action.

3

Dkt. #140.  Notably, despite saying in the order granting the motion to dismiss in part (docketed at #134) that the retaliation claim was to continue, the order granting the motion for clarification (docketed at #140) does not mention a retaliation claim, nor does the accompanying memorandum opinion.

After unsuccessful settlement discussions (Sanders was appointed counsel for the limited purpose of those discussions), the parties engaged in discovery and Defendants filed a summary judgment motion.  Sanders responded, but he did not file a statement of facts under Local Rule 56.1.  In a memorandum dated September 26, 2017, the District Court "accordingly deem[ed] the facts set forth by Defendants to be undisputed.  See Local Rule 56.1; Fed. R. Civ. P. 56(e)(2)."  Memorandum Opinion, Dkt. #164, p. 5 n.1. The District Court granted summary judgment as to the excessive force, failure to intervene, and due process claims and directed the Clerk of Court to enter judgment in favor of Defendants Emanuel Rose, Joann Cryder, Throne, Lt. Hewitt, Jill Cuffaro, and the Unknown Officer.  Dkt. #165, 166.

Sanders appealed.  After the parties filed their initial briefs, we directed the parties to file supplemental briefs, addressing whether the retaliation claim remained unadjudicated, and if the retaliation claim was dismissed or otherwise adjudicated without an explanation from the District Court, whether we should remand the action to the District Court. See Order entered April 9, 2019.  We also directed the parties to address whether the District Court properly applied Local Rule 56.1 to deem the Defendants' facts as undisputed.  Id.

4

II.

We first examine our jurisdiction. The pivotal question regarding appellate jurisdiction is whether the District Court adjudicated all of Sanders' claims. "Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291." Elliott v. Archdiocese of New York, 682 F.3d 213, 219 (3d Cir. 2012). Although the District Court did not discuss the retaliation claim in its order entered May 17, 2016, in that order the court dismissed "all other claims" aside from certain specified claims; the retaliation claim was not one of the claims the district court listed as remaining in the action. In its order entered September 26, 2017, the court granted summary judgment as to those claims that it had described as remaining in the action. We therefore conclude that these two orders adjudicated all claims in the action.

The second jurisdictional issue is whether Sanders' appeal was timely filed—his notice of appeal was filed well outside of the 30 days prescribed by Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.[2] However, the District Court construed a document that Sanders filed as a motion to reopen the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, granted his motion, and deemed his notice of appeal to be timely filed. As Sanders satisfied the requirements of Rule 4(a)(6), we

---

[2] Sanders did not receive the District Court's order granting summary judgment, as the Court mistakenly sent it to the attorney who had been appointed only for settlement discussions.

5

conclude that the District Court did not abuse its discretion in granting Sanders' motion to reopen the time to appeal. See Baker v. United States, 670 F.3d 448, 453-54 (3d Cir. 2012) (explaining requirements for reopening); United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006) (stating that standard of review is abuse of discretion).[3]

As the District Court adjudicated all of Sanders' claims and Sanders' appeal was timely filed, we have appellate jurisdiction.

## III.

Appellees argue, in a rather circular manner, that there could be no viable retaliation claim because all of Sanders' *other* constitutional claims were resolved by the District Court. See, e.g., Appellees' Supplemental Brief at 17 ("If the court considers the proper granting of Summary Judgment on [the other] claims, it is logical that the retaliation claims were clearly adjudicated or meant to be adjudicated without mention and thus included in the court's Opinion and Order ultimately granting Summary Judgment in favor of the Defendants/Appellees."). However, Appellees fail to recognize that government actions, "which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224–

---

[3] Sanders filed in our Court a "Motion to Compel Arbitration Counsel Ganley's Declaration," asking us to compel the attorney to verify facts involved in the timeliness calculation. As the District Court properly granted Sanders' Rule 4(a)(6) motion, the motion to compel is denied as moot. We also deny Appellees' "Motion to Strike Plaintiff's Untimely Notice of Appeal."

25 (3d Cir. 2000) (internal quotation marks omitted). Appellees do not argue persuasively how the District Court's adjudication of the *other* claims renders the retaliation claim moot or necessarily lacking in arguable merit.[4]

To state a retaliation claim, Sanders was required to show: "(1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). The burden then shifts to the prison officials to prove "that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. Here, crediting Sanders' allegations,[5] Sanders likely established constitutionally protected

---

[4] Appellees also claim that Sanders has waived consideration of the retaliation claim by failing to raise it in his appellate brief. But Sanders argued in his brief that the District Court erred in granting summary judgment as to his "free speech" claim and argued that "a bogus misconduct was issued to rationalize the use of excessive force and a brutal beating upon the Appellant as a pretrial detainee who exercised his right of free speech." Appellant's Brief at 3. Liberally construing his pro-se brief, as we must, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we conclude that he did not waive the issue.

[5] See Montone v. City of Jersey City, 709 F.3d 181, 191 (3d Cir. 2013) ("[I]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed[,] and all justifiable inferences are to be drawn in his favor." (internal quotations omitted)).

conduct,[6] the alleged beating would deter a person of ordinary firmness from exercising his First Amendment rights, and the allegation that the guards were singing the "Mickey Mouse" song establishes a nexus.

In the context of summary judgment, Rule 56(a) of the Federal Rules of Civil Procedure indicates that a court "should state on the record the reasons for granting or denying" a motion for summary judgment. And before Rule 56 was amended to include that requirement, we determined that having a district court's explanation for a summary judgment grant was so important that we exercised our "supervisory power to require the district courts in this circuit to accompany grants of summary judgment hereafter with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." Vadino v. A. Valey Engineers, 903 F.2d 253, 259 (3d Cir. 1990).[7]

---

[6] Inmates retain the "protections afforded by the First Amendment," O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987), but they "retain[] [only] those First Amendment rights that are not inconsistent with [their] status as [] prisoner[s] or with the legitimate penological objectives of the corrections system," Pell v. Procunier, 417 U.S. 817, 822 (1974). Because the District Court did not adjudicate the retaliation claim, it did not discuss whether Sanders, a pretrial detainee, had a First Amendment right to express his displeasure with the prison's system for access to legal materials.

[7] We noted that "[t]here are, of course, cases where the reason for summary judgment is apparent on the record because, for example, only one ground was given for the motion." Id. at 258. But here, the District Court explicitly *rejected* the only reasons the Defendants gave for dismissal of the retaliation claim, see Memorandum, Dkt. #133 at 13 ("without further development of the record the court cannot say there is no viable First Amendment claim"), and the Defendants' memorandum in support of their motion for summary judgment does not expressly address the retaliation claim. Although the Defendants argue in their brief in support of their motion for summary judgment that "all remaining Defendants" are "entitled to qualified immunity such that Plaintiff's remaining claims must be dismissed," Brief, Dkt. #159 at 2, both the Defendants and the District

Given the District Court's failure to mention the retaliation claim in orders subsequent to the order denying Defendants' motion to dismiss as to the retaliation claim, we cannot discern the District Court's reasons for dismissing or granting summary judgment as to the retaliation claim.

IV.

The parties were also directed to address whether the District Court properly applied Local Rule 56.1 to deem the Defendants' facts as undisputed.  See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018) (determining that a district court's application and interpretation of its own local rules should be reviewed for abuse of discretion, but reiterating that the court still was required to do a "full analysis" to determine whether summary judgment was appropriate); Paladino v. Newsome, 885 F.3d 203, 209 (3d Cir. 2018) (holding that "sworn deposition testimony--which the District court did not consider" in a pro se case established a genuine issue of material fact).

We need not address any procedural issues that arose in connection with the disposition of Defendants' motion for summary judgment.  Because the facts underlying Sanders' retaliation claim are interrelated with the facts underlying the claims that the District Court considered on summary judgment (excessive force and failure-to-intervene claims against Defendants Rose, Cryder, Throne, and Unknown Officers, and the procedural and substantive due process claims against Defendants Hewitt and Cuffaro),

Court discuss qualified immunity as to the excessive force claim and not with regard to the retaliation claim, see Id. at 508; Memorandum, Dkt. #164, at 17-19.

9

we will vacate the order granting summary judgment in its entirety. On remand, the District Court shall direct the Defendants to file a motion for summary judgment that addresses all of the claims that survived Defendants' motion to dismiss, which we have determined includes Sanders' retaliation claim, unless they wish to proceed to trial as to any claim.

V.

For the foregoing reasons, we will vacate the District Court's orders entered on May 17, 2016, and September 26, 2017, and will remand this matter for further proceedings consistent with this opinion.

10