**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3188
_____

ARI WEITZNER;
ARI WEITZNER MD PC, Individually and on behalf
of all others similarly situated,
Appellants

v.

SANOFI PASTEUR INC, formerly known as Aventis
Pasteur Inc.;
VAXSERVE INC, formerly known as Vaccess America,
Inc.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-11-cv-02198
District Judge: The Honorable A. Richard Caputo
_____

Argued September 27, 2018

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO,
*Circuit Judges*

(Opinion Filed:  November 27, 2018)

Todd C. Bank                    **[ARGUED]**
Fourth Floor
119-40 Union Turnpike
Kew Gardens, NY  11415

Paul T. Kelly
Needle Law
240 Penn Avenue
Suite 202
Scranton, PA  18503

Daniel A. Osborn
Suite 131
43 West 43rd Street
New York, NY  10036
        *Counsel for Appellants*

Carl J. Greco                    **[ARGUED]**
4th Floor
327 North Washington Avenue
Professional Arts Building
Scranton, PA  18503
        *Counsel for Appellees*

2

---

OPINION

---

SMITH, *Chief Judge.*

Plaintiffs Dr. Ari Weitzner and his professional corporation, Ari Weitzner M.D. P.C., challenge the District Court's conclusion on summary judgment that their claims under the Telephone Consumer Protection Act (TCPA) were untimely. There is no dispute that plaintiffs' TCPA claims—brought individually and on behalf of a proposed class—are untimely unless tolling applies. As a result, the primary question before this Court is whether tolling is available under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

*American Pipe* provides that the timely filing of a class action tolls the applicable statute of limitations for putative class members until the propriety of maintaining the class is determined. *Id.* at 554. This tolling is an equitable remedy that promotes both the efficiency and economy goals of Federal Rule of Civil Procedure 23 by encouraging class members to rely on the named plaintiff's filings and protects unnamed class members who may have been unaware of the class action.

Plaintiffs argue that a previous state court putative class action brought by Dr. Weitzner, involving the very

3

same claims raised in this case, tolled the statute of limitations such that Dr. Weitzner and his P.C. should be allowed to pursue their claims anew in federal court. Specifically, plaintiffs raise three categories of claims, each of which they assert is timely under *American Pipe*: (1) purported class claims; (2) Dr. Weitzner's individual claims; and (3) Weitzner P.C.'s individual claims. For the reasons outlined below, we decline to extend *American Pipe* tolling to each category of plaintiffs' claims and agree with the District Court that plaintiffs' claims are untimely.

Plaintiffs also challenge the District Court's application of Middle District of Pennsylvania Local Rule 56.1. Finding no error in the District Court's application of the Rule, we will uphold the District Court's ruling on this issue as well.

## I. BACKGROUND[1]

Dr. Ari Weitzner is a physician who maintains a practice in New York. Dr. Weitzner is, and has always been, the sole shareholder of co-plaintiff Weitzner P.C.

---

[1] On review of a grant of summary judgment, we view the facts in the light most favorable to plaintiffs as the nonmoving party, drawing all inferences in their favor. *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 388 (3d Cir. 2017).

During the events at issue in this case, Dr. Weitzner practiced through the P.C. At the present time, the P.C. has neither assets nor any ongoing business, yet remains legally active under New York law.

On April 21, 2004 and March 22, 2005, Sanofi Pasteur, Inc., the vaccines division of the pharmaceutical company Sanofi, and VaxServe, Inc., a healthcare supplier, sent two unsolicited faxes to a fax machine located in Dr. Weitzner's office. Based on the receipt of these two faxes, Dr. Weitzner filed a putative class action against Sanofi Pasteur and VaxServe in the Court of Common Pleas of Lackawanna County, Pennsylvania.

In the state court action, Dr. Weitzner alleged that defendants transmitted thousands of faxes in violation of the TCPA, 47 U.S.C. § 227(b)(1)(C), including at least one fax sent to Dr. Weitzner. The proposed class included all individuals "who received an unsolicited facsimile advertisement from defendants between January 2, 2001[,] and the date of the resolution of this lawsuit." On June 27, 2008, the Court of Common Pleas denied class certification,[2] after which the case proceeded as an individual action by Dr. Weitzner against

---

[2] The Court of Common Pleas explained that its class certification decision was made in the context of the defendants' motion for summary judgment, and not in the context of Pennsylvania Rule of Civil Procedure 1707 regarding a motion for certification of a class action.

defendants. There has yet to be a final judgment in the state court case. It is undisputed that defendants stopped sending unsolicited faxes in April 2005.

More than three years after denial of class certification in the state action, and over six years after defendants sent any unsolicited faxes, Plaintiffs filed this case in the Middle District of Pennsylvania on November 26, 2011. Plaintiffs brought individual claims based on the same two faxes sent on April 21, 2004, and March 22, 2005, along with class claims substantially similar to those alleged in the state court action.[3]

The District Court concluded that the four-year federal default statute of limitations under 28 U.S.C. § 1658 applies to claims under the TCPA. On appeal, the parties do not dispute the application of the four-year statute of limitations. The statute of limitations for claims arising from the two faxes actually sent to plaintiffs therefore ran in 2008 and 2009, respectively, and the statute of limitations for any class claims had

---

[3] Defendants moved in the District Court for abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), based on the pending state court action. The District Court denied the motion, and the parties did not raise this issue on appeal.

similarly elapsed by April 2009.[4]  Accordingly, there is no dispute that all of these claims are untimely absent tolling.  Plaintiffs rely on Dr. Weitzner's 2005 state court action—in which Dr. Weitzner initiated suit as the named plaintiff in a putative class action and which he continues to pursue on an individual basis—as the means for tolling the statute of limitations as Dr. Weitzner and his P.C. attempt to bring the same claims in the District Court.

Defendants moved for summary judgment on statute of limitations grounds and filed an accompanying

---

[4] The two faxes received by plaintiffs were sent on April 21, 2004, and March 22, 2005, respectively. Plaintiffs concede that defendants sent no faxes after April 2005.  Accordingly, the statute of limitations for plaintiffs' individual claims based on the first fax and second fax expired on April 21, 2008, and March 22, 2009, respectively.  The statute of limitations for any class claims expired in April 2009.

statement of material facts pursuant to Local Rule 56.1.[5] Plaintiffs filed their opposition to defendants' motion for summary judgment and their answer to defendants' statement of material facts. Defendants moved to strike plaintiffs' answer to the statement of facts for noncompliance with Local Rule 56.1. Defendants argued, in part, that portions of the answer were argumentative in violation of Local Rule 56.1.

The District Court granted defendants' motion to strike plaintiffs' answer to the statement of facts in part,

---

[5] Local Rule 56.1 provides: "A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

striking 19 responses from the answer for noncompliance with Local Rule 56.1 because they were not concise and were argumentative. In the same order, the District Court granted defendants' motion for summary judgment, concluding that *American Pipe* tolling did not apply to plaintiffs' class or individual claims and that plaintiffs' claims were therefore untimely. Plaintiffs filed a timely notice of appeal.[6]

## II.    APPLICATION OF *AMERICAN PIPE* TOLLING

The primary issue in this appeal is whether the District Court correctly concluded that plaintiffs' claims were not subject to *American Pipe* tolling and were therefore untimely. We review orders granting summary judgment *de novo*. *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 388 (3d Cir. 2017). We may affirm the District Court on any grounds supported by the record. *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

Under *American Pipe*, the timely filing of a class action tolls the applicable statute of limitations for putative class members. *Am. Pipe & Const. Co.*, 414 U.S. at 554. The Supreme Court held: "[T]he commencement of a class action suspends the applicable

---

[6] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291.

statute of limitations as to all asserted members of the class who would have been parties[7] had the suit been permitted to continue as a class action." *Id.* The Supreme Court has since clarified that *American Pipe* tolling is an equitable remedy, "designed to modify a statutory time bar where its rigid application would create injustice." *Cal. Pub. Emps' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052 (2017).

Of course, "[p]laintiffs have no substantive right to bring their claims outside the statute of limitations." *China Agritech, Inc. v. Resh*, 584 U.S. ___, 138 S. Ct. 1800, 1810 (2018). Instead, any ability to do so is based only on this "judicially crafted tolling rule." *Id.* Accordingly, the tolling rule need not be applied mechanically. And it should not be applied where doing so would result in an abuse of *American Pipe*. *Cf. Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354

---

[7] *American Pipe* was decided in 1974, at a time when courts were still gaining familiarity with the modern class action. The Court's use of the term "parties" is imprecise, as unnamed class members are not technically "parties" even where a class has been certified. Nevertheless, the Court's intent is clear, and, as we discuss below, subsequent decisions have clarified that *American Pipe* tolling applies to putative unnamed class members.

(1983) (Powell, J., concurring) ("The tolling rule of *American Pipe* is a generous one, inviting abuse.").

Given the nature of plaintiffs' claims, we are tasked with answering three discrete questions to determine whether any of plaintiffs' claims are timely: (1) whether tolling applies to plaintiffs' class claims; (2) whether tolling applies to Dr. Weitzner's individual claims, given his status as a named plaintiff in the state court action; and (3) whether tolling applies to Weitzner P.C.'s individual claims, given the P.C.'s connection to Dr. Weitzner.

## A.   Application of *American Pipe* to Plaintiffs' Class Claims

The first question is the easiest to resolve. Subsequent to the District Court's ruling, the Supreme Court issued its opinion in *China Agritech*, 138 S. Ct. 1800, clarifying that *American Pipe* tolling does not allow a putative class member to commence a new class action outside of the statute of limitations:

> *American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails. But *American Pipe* does not permit the maintenance of a follow-

on class action past expiration of the statute
of limitations.

*Id.* at 1804. As the Supreme Court explained, "[t]he 'efficiency and economy of litigation' that support tolling of individual claims, *Am. Pipe & Const. Co.*, 414 U.S. at 553, do not support maintenance of untimely successive class actions." *China Agritech*, 138 S. Ct. at 1806. Further, as the Supreme Court recognized, if the limitations period for subsequent class claims was also tolled, the time for filing class suits "could be limitless." *Id.* at 1809. *American Pipe* tolling thus permits putative class members to file only *individual* claims after a denial of class certification.[8]

In reaching this conclusion, the *China Agritech* Court rejected this Court's approach in *Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004). In *Yang*, we held that *American Pipe* tolling did not apply to successive class actions where certification was previously denied due to a substantive class defect, but did apply where

---

[8] Despite plaintiffs' contention to the contrary, the Supreme Court's broad pronouncement defeats any argument that the *China Agritech* rule should apply only to unnamed class members. There is no logical reason for named plaintiffs—who have already brought a class action—to be permitted to bring successive class actions after class certification has been denied, where putative class members cannot do so.

12

certification was denied based on a putative representative's deficiencies. *Id.* at 104. The Supreme Court expressly rejected this distinction:

> Justice SOTOMAYOR suggests that the Court might adopt a rule under which tolling "becomes unavailable for future class claims where class certification is denied for a reason that bears on the suitability of the claims for class treatment," but not where "class certification is denied because of the deficiencies of the lead plaintiff as class representative." But Rule 23 contains no instruction to give denials of class certification different effect based on the reason for the denial.

*China Agritech*, 138 S. Ct. at 1809 n.5 (internal citations omitted). Accordingly, we recognize the abrogation of *Yang v. Odom* on this point.[9]

Because plaintiffs' class claims are untimely absent tolling, and *China Agritech* precludes the application of *American Pipe* tolling to such successive class claims, we conclude that plaintiffs' class claims are not subject to tolling and are therefore untimely.

---

[9] *Yang*'s holding that *American Pipe* tolling ends on the day the trial court denies class certification was not affected by *China Agritech* and continues to be authoritative. *See Yang*, 392 F.3d at 102.

**B.    Application of *American Pipe* to Dr. Weitzner's Individual Claims**

The question of whether *American Pipe* applies to Dr. Weitzner's individual claims is less straightforward than the issue of its application to follow-on class actions.  Dr. Weitzner initiated the state court action as a named plaintiff in that putative class action.  *American Pipe* is designed to protect individual claims filed after the denial of class certification, but the Supreme Court did not specify whether tolling should protect named plaintiffs as well as unnamed plaintiffs.  Indeed, the Court included no express restrictions in the broad language it used to describe the claims to which tolling would apply:  "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co.*, 414 U.S. at 554.  On initial review, *American Pipe*'s broad language would seem to provide for tolling of the claims of both named plaintiffs and unnamed putative class members in the initial class action.  The purpose of *American Pipe* tolling and subsequent decisions, however, make clear that tolling does not protect named plaintiffs.

There were two primary purposes underlying the Supreme Court's holding in *American Pipe*.  First, the Court emphasized the "efficiency and economy of litigation" purposes of Rule 23 as a basis for the tolling

14

rule because, without such a rule, "[p]otential class members would be induced to file protective motions to intervene or join." *Id.* at 553. This concern does not apply to named plaintiffs, who have already filed their claims; neither efficiency nor economy would be advanced by allowing named plaintiffs to rely on their own filings. To the extent a named plaintiff could file claims in multiple jurisdictions, plaintiffs are often tasked with deciding between multiple jurisdictions when bringing claims. Where a plaintiff can bring multiple putative class claims simultaneously, efficiency interests and judicial comity actually support the plaintiff's filing all claims as soon as possible. *See China Agritech*, 138 S. Ct. at 1811 ("Multiple timely filings might not line up neatly . . . . But district courts have ample tools at their disposal to manage the suits, including the ability to stay, consolidate, or transfer proceedings.").

Second, the Supreme Court emphasized the need for tolling to protect the interests of putative unnamed class members who had not received notice and were unaware of the pending class action. The Court described the "passive beneficiar[y]" status of potential class members, explaining that they have no obligation to "take note of the suit or to exercise any responsibility with respect to it" until the existence of the class has been established. *Am. Pipe & Const. Co.*, 414 U.S. at 552. Again, this interest supports tolling only for unnamed class members. Named plaintiffs are necessarily aware

15

of the pending litigation and will be made aware of any denial of class certification such that tolling is unnecessary to protect their interests. Indeed, a named plaintiff's individual claim will remain viable upon denial of class certification because the putative class action is then simply transformed into an individual action.

The Supreme Court has confirmed that the purpose of *American Pipe* tolling is that "*unnamed* plaintiffs should be treated as though they had been named plaintiffs during the pendency of the class action," with their rights protected accordingly. *Chardon v. Fumero Soto*, 462 U.S. 650, 659 (1983) (emphasis added). Multiple Supreme Court opinions have since described the *American Pipe* rule as applying to only unnamed class members. *See, e.g., China Agritech*, 138 S. Ct. at 1804 ("*American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing *unnamed* class members to join the action individually or file individual claims if the class fails." (emphasis added)); *Smith v. Bayer Corp.*, 564 U.S. 299, 313 n.10 (2011) (describing *American Pipe* as demonstrating that "a person not a party to a class suit may receive certain benefits (such as the tolling of a limitations period) related to that proceeding"); *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (citing *American Pipe* for the proposition that "[n]onnamed class members are, for instance, parties in the sense that the filing of an action

on behalf of the class tolls a statute of limitations against them"); *Chardon*, 462 U.S. at 664 (Rehnquist, J., dissenting) ("The question in *American Pipe* was whether the pendency of this class action warranted tolling of the Clayton Act's limitations period as to unnamed plaintiffs in the class.").

Given the equitable nature of *American Pipe* tolling, we discern no reason to extend its reach to named plaintiffs. Allowing named plaintiffs to file new individual claims outside the statute of limitations—when they can instead pursue their original, timely filed individual claims in the first case, after class certification has been denied—serves no legitimate purpose. Quite simply, no injustice results from denying those parties tolling. To the contrary, allowing an individual to file repetitive claims outside the statute of limitations would be an abuse of *American Pipe* and contrary to its underlying policy.

Accordingly, we hold that *American Pipe* does not toll the statute of limitations for named plaintiffs such as Dr. Weitzner. We therefore conclude that his individual claims in this case are untimely.

17

### C. Application of *American Pipe* to Weitzner P.C.'s Individual Claims

Given the facts of this case, we conclude that the same reasoning applicable to Dr. Weitzner bars the P.C.'s individual claims. The rationale underlying *American Pipe* tolling does not apply to Weitzner P.C., so applying it here would constitute an abuse of *American Pipe*.

The Supreme Court's reasoning in *American Pipe* does not extend to Weitzner P.C. Although Weitzner P.C. may have been a putative class member in Dr. Weitzner's state court action, it was not the type of unaware, absent class member *American Pipe* was designed to protect.[10] Dr. Weitzner has always been the sole shareholder of Weitzner P.C., so there can be no dispute that Weitzner P.C. received actual notice of the pending state court action *and* of the denial of class certification in that case. Yet Weitzner P.C. took no steps to pursue its claims within the statute of limitations and waited over three years following the denial of class certification to first bring its claims. Accordingly, we conclude that Weitzner P.C. is not entitled to the benefit

---

[10] Dr. Weitzner testified in 2006 that, apart from this case and the related state case, he had filed 17 other lawsuits under the TCPA. Some of these lawsuits were filed on behalf of Dr. Weitzner individually, while the P.C. was the plaintiff in other cases. As a result, the P.C. itself is an experienced TCPA litigant.

18

of *American Pipe* equitable tolling.  *See China Agritech*, 138 S. Ct. at 1808 ("Ordinarily, to benefit from equitable tolling, plaintiffs must demonstrate that they have been diligent in pursuit of their claims.").

Tolling Weitzner P.C.'s individual claims would also result in an abuse of *American Pipe*.  Having always been the sole shareholder of Weitzner P.C., Dr. Weitzner did business through the P.C. during the time periods at issue here.  The same two faxes allegedly sent in violation of the TCPA form the bases of both Dr. Weitzner and Weitzner P.C.'s claims.  Any judgment in favor of Weitzner P.C.—a nonoperational, but legally active corporation—would benefit only Dr. Weitzner.  Given the nature of the plaintiffs' claims and the close relationship between Dr. Weitzner and Weitzner P.C., applying *American Pipe* tolling to Weitzner P.C.'s claims would effectively allow Dr. Weitzner to pursue his claims for a second time outside the statute of limitations, despite our conclusion that tolling does not apply to Dr. Weitzner's personal claims.

Accordingly, we agree with the District Court that *American Pipe* tolling does not apply to any of plaintiffs' claims, and such claims are therefore barred as untimely.

19

### III. LOCAL RULE 56.1

To address plaintiffs' second claim on appeal—that the District Court erred in striking portions of their answer to the statement of facts under Middle District of Pennsylvania Local Rule 56.1—we must first determine what standard of review to apply to a district court's application of its own local rules. We have previously held that an appellate court "owes deference to a district court's interpretation of its local rules." *Gov't of V.I. v. Mills*, 634 F.3d 746, 750 (3d Cir. 2011). We now clarify that a district court's application and interpretation of its own local rules should generally be reviewed for abuse of discretion.[11] "An abuse of discretion may occur as a result of an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact." *McDowell v. Phila. Hous. Auth. (PHA)*, 423 F.3d 233, 238 (3d Cir. 2005). We see no abuse of discretion here.

Under Local Rule 56.1, a party must file a separate statement of material facts along with any motion for summary judgment. M.D. Pa. L.R. 56.1. A party opposing summary judgment must file a corresponding answer to the statement of material facts, responding to

---

[11] Some exceptions exist. For example, where the local rules are substantively identical to the Federal Rules of Appellate Procedure, we apply a plenary standard of review. *See Mills*, 634 F.3d at 750.

the moving party's filing. *Id.* Where an opposing party fails to object in its answer, those facts in the moving party's statement are considered admitted. *Id.*

Local Rule 56.1 was promulgated to bring greater efficiency to the work of the judges of the Middle District. As opinions from that Court have explained, the Rule "is essential to the Court's resolution of a summary judgment motion" due to its role in "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Kramer v. Peerless Indem. Ins. Co.*, No. 3:CV-08-2096, 2010 WL 11553711, at *1 (M.D. Pa. Apr. 21, 2010); *see also Hartshorn v. Throop Borough*, No. CIV.A. 3:07-CV-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009) ("The purpose of this rule is to structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." (internal quotation marks omitted)). Accordingly, the District Court is in the best position to determine the extent of a party's noncompliance with Local Rule 56.1, as well as the appropriate sanction for such noncompliance. An abuse of discretion standard of review is therefore wholly appropriate.

Plaintiffs here primarily argue that the District Court erred by striking entire paragraphs of their answer to the statement of facts where only a portion was noncompliant with Local Rule 56.1. They further

21

suggest that the District Court should have allowed plaintiffs to refile, rather than deeming defendants' uncontroverted facts admitted. Under these circumstances, the District Court's decision to employ any given sanction—out of the many possible sanctions available to it—is fully within the discretion of that Court. Plaintiffs offer no persuasive reason for us to disturb the District Court's conclusion that portions of plaintiffs' answer to the statement of facts were not concise and were argumentative in violation of Local Rule 56.1. Nor does the District Court's decision to strike the portions it concluded were noncompliant, rather than choosing to employ a more forgiving sanction, constitute an abuse of discretion. It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules.

Finally, though the District Court was still required to conduct a full analysis to determine whether granting summary judgment was appropriate, we find no error in the District Court's Rule 56 analysis, which fully

22

addressed plaintiffs' factual allegations.[12] *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Accordingly, the District Court did not abuse its discretion in applying Local Rule 56.1.

## IV. CONCLUSION

*American Pipe* created a generous tolling rule that applies broadly to protect putative class members in pending class actions. Yet the rule is not without limits. As the Supreme Court clarified in *China Agritech*, tolling does not apply to successive class actions under any circumstances. We now hold that *American Pipe* tolling does not allow individuals who were named plaintiffs in an initial class action to toll their own statute of limitations. We emphasize that *American Pipe* tolling has long been recognized as an equitable remedy that applies only where necessary to prevent injustice. Courts should not permit tolling where doing so would result in an abuse of *American Pipe*. As a result, *American Pipe* does not apply to preserve any of plaintiffs' untimely

---

[12] Even if the District Court's application of Local Rule 56.1 were improper, plaintiffs fail to identify any prejudicial error. Plaintiffs do not identify any stricken statement that would have affected the District Court's conclusion that plaintiffs' claims were untimely. Accordingly, we conclude that any error as to Local Rule 56.1 was harmless.

23

claims. Finally, we conclude that the District Court's application of Local Rule 56.1 was not an abuse of discretion and, in any event, had no effect on its appropriate grant of summary judgment. We will therefore affirm the District Court's grant of summary judgment.