BLD-277                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3065
_____

IN RE:  HARISADHAN PATRA; PETULA VAZ,

Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4-14-cv-02265)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 12, 2019
Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed: September 26, 2019)
_____

OPINION*
_____

PER CURIAM

Pro se petitioners Harisadhan Patra and Petula Vaz have filed a petition for a writ

of mandamus, seeking to set aside an order of the District Court and to reassign the case to

a different District Judge.  For the reasons set forth below, we will deny the petition.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The petitioners instituted this case in November 2014, alleging, among other things, that the defendants discriminated against them based on their race, national origin, and religion; harassed them and created a hostile work environment; and violated their First Amendment rights. The District Court granted summary judgment to the defendants. The petitioners appealed, and we vacated the District Court's judgment. See Patra v. Pa. State Sys. of Higher Educ., No. 18-2236, 2019 WL 3061488, at *1 (3d Cir. July 12, 2019). We ruled that the District Court had (1) erroneously concluded that the petitioners had failed to point to record evidence showing that there was a genuine issue of material fact, and (2) failed to fully consider whether any deficiencies in the petitioners' evidence entitled the defendants to judgment as a matter of law. See id. at *2. We remanded the matter to the District Court for further proceedings consistent with our opinion.

On remand, the District Court entered an order striking the petitioners' counterstatement of material facts and their briefs relying on that counterstatement. The Court explained that the counterstatement failed to comply with Middle District Local Rule 56.1. The Court gave the petitioners until September 30, 2019, to file a compliant brief and provided detailed instructions about the topics that the brief should cover. The petitioners responded with this mandamus petition, arguing that the District Court's order does not comply with this Court's mandate. They have also filed a motion asking us to expedite our consideration and to stay the District Court's order directing them to file a new brief.

We will deny the petition. The petitioners are correct that "mandamus is appropriate when a district court has failed to adhere to the mandate of an appellate court." In re Chambers Dev. Co., 148 F.3d 214, 224 (3d Cir. 1998). However, we do not view the District Court's order as in conflict with our mandate.

More specifically, while we previously disagreed with the District Court's manner of granting summary judgment—that is, we concluded that the District Court had erred in concluding that the petitioners had not cited the record and in failing to analyze the petitioners' claims individually—we did not prohibit the District Court from enforcing the Local Rules and requiring the petitioners to file a conforming brief. See generally Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 203 n.13 (3d Cir. 2004) ("A district court may consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." (alteration omitted) (quoting In re Chambers Dev. Co., 148 F.3d at 225)). To the contrary, we specifically stressed that our opinion did not "minimize[] the importance of compliance with the filing rules." Patra, 2019 WL 3061488, at *2 n.3. We typically give District Courts broad discretion in dealing with filings that do not comply with the Local Rules, see Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613–14 (3d Cir. 2018), and we did not purport to limit that discretion in our prior opinion. Further, since we conclude that the District Court has not acted contrary to our mandate to consider the plaintiffs' claims in full, there is no basis to reassign the case.[1]

---

[1] We note that the District Court granted the petitioners permission to file a new brief but prohibited them from filing a new counterstatement of facts. Because the Court

3

Accordingly, we will deny the mandamus petition. The petitioners' motion to expedite our consideration and stay the District Court's order is denied.

---

explained in its order that it was providing the petitioners with an "opportunity to appropriately respond to Defendants' Statement of Material Facts," we understand that the petitioners are able to use this brief to controvert material facts as required by Local Rule 56.1.