NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2711
_____

ARTHUR T. CHESTER, III,

Appellant

v.

CAPE MAY COUNTY NEW JERSEY; SHERIFF GARY SHAFFER; WARDEN
DONALD
LOMBARDO; SHERIFF LIEUTENANT CAMPBELL; SHERIFF SERGEANT
PRINCE;
SHERIFF SERGEANT FAIRCLOTH; SHERIFF SERGEANT CALDWELL;
CORRECTIONAL
OFFICER WHITAKER; CORRECTIONAL OFFICER LOGU;
CORRECTIONAL OFFICER
SHARP; CORRECTIONAL OFFICER WEATHERBY; CORRECTIONAL
OFFICER SCHIENK,
ALSO KNOWN AS SHANK; CORRECTIONAL OFFICER RUCCI, ALL
INDIVIDUALLY AND
AS EMPLOYEES OF CAPE MAY COUNTY (NEW JERSEY) DEPARTMENT
OF CORRECTIONS
OR OTHER AGENCY OF CAPE MAY COUNTY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-17-cv-00039
District Judge: The Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 2, 2020

Before: SMITH, *Chief Judge,* HARDIMAN, and KRAUSE, *Circuit Judges*

(Filed:  March 17, 2020)

———————————

OPINION[*]

———————————

SMITH, *Chief Judge.*

After his arrest for burglary and related charges, Arthur Chester was held pending trial in the Cape May County Correctional Center. He claims the County and several of its officers violated his constitutional rights by failing to protect him from a fellow inmate whom Chester testified against years before. Yet even with the benefit of discovery, Chester never adduced sufficient evidence supporting his allegations. So the District Court awarded the County and its officers summary judgment in a thorough and well-reasoned opinion. *See* No. 17-39, 2019 WL 2710651 (D.N.J. July 2, 2019) (noting "[w]here the non-moving party fails to 'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' the movant is entitled to summary judgment" (quoting *Celotex Corp. v. Catrett*, 477

———————————

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

U.S. 317, 322 (1986))). Chester timely appealed.[1] We will affirm for substantially the same reasons set forth by the District Court.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 609 (3d Cir. 2018).