NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3434
_____

GLADYS MENDOZA,
Personal Representative of Elias Mendoza,
Appellant

v.

INSPIRA MEDICAL CENTER VINELAND; SOUTH JERSEY HEALTH CARE;
INSPIRA HEALTH NETWORK, INC.; ANDREW ZINN, MD; THE HEART HOUSE;
NAEEM M. AMIN, M.D.; KIDNEY AND HYPERTENSION SPECIALISTS, P.A.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-16-cv-01337)
District Judge: The Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 27, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*

(Opinion Filed:  June 2, 2020)
_____

OPINION*
_____


HARDIMAN, *Circuit Judge.*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2014, Elias Mendoza was admitted to the Intensive Care Unit at Inspira Medical Center Vineland (Vineland) with shortness of breath. Mendoza had fluid overload in his lungs, so the internal medicine group that handled his care at Vineland ordered, among other things, a cardiology consultation that was performed by Dr. Andrew Zinn. *Id.* Four days after his admission to the hospital, Mendoza suffered a respiratory and cardiac arrest, leading to a permanent anoxic brain injury. Less than a year later, Mendoza died from acute respiratory failure as a result of cardiac arrest and coronary artery disease.

As relevant to this appeal, Mendoza's wife Gladys, in her capacity as personal representative of his estate, sued Inspira Health Network (Inspira), Dr. Zinn, and The Heart House, alleging medical negligence. She based this claim on a note in her husband's discharge summary stating he had difficulty receiving dialysis while at Vineland because of the ICU's staffing limitations. After discovery, Plaintiff failed to adduce evidence sufficient to show Inspira had any responsibility to staff the dialysis unit, or that Dr. Zinn or The Heart House breached their standard of care. So the District Court granted those three Defendants summary judgment. *See Mendoza v. Inspira Medical Center Vineland*, 2019 WL 5304129, at *11 (D.N.J. Oct. 17, 2019). This appeal followed.[1]

Our careful review of the record and the various opinions leads us to conclude that we could scarcely improve on the work of the learned trial judge. As a procedural matter,

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 609 (3d Cir. 2018).

the District Court addressed the issues methodically and gave Plaintiff opportunities to amend her complaint and hone her arguments. And substantively, we perceive no factual or legal error in the Court's conclusions that: (1) an affidavit of merit was required against Inspira; (2) Plaintiff failed to adduce evidence that Inspira had any responsibilities relating to the staffing of the dialysis unit; and (3) Plaintiff failed to marshal evidence sufficient to demonstrate that Dr. Zinn or The Heart House violated their standard of care. Accordingly, we will affirm for substantially the same reasons explained by the District Court.