DLD-092                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2776
_____

JORGE GOMEZ,
Appellant

v.

THOMAS CULLEN, D.O.; RYAN PARKYN, HSA; J. B. FOSTER, HSA; B. ZALNO;
K. SORRELL; UNITED STATES OF AMERICA; JOHN DOE, FCI Ray Brook Food
Service Administrator; GEORGE ROBINSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:20-cv-01637)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2022
Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: April 21, 2022)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Pro se appellant Jorge Gomez appeals from orders granting in part the defendants' motion for dismissal and summary judgment, denying his motion for appointment of counsel, and denying a motion for reconsideration. For the following reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4(a).

In 2020, Gomez filed a prison-civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). At the time, Gomez was an inmate at FCI Allenwood-Medium, located in Pennsylvania, and he filed his suit in the United States District Court for the Middle District of Pennsylvania. He alleged that he contracted gastrointestinal problems while he was housed at a previous institution, FCI Ray Brook in Essex County, New York, and that employees there and at Allenwood misdiagnosed and mistreated those medical conditions, causing him pain and making them worse.[1] Pertinent to this appeal—which addresses the Allenwood allegations only—Gomez alleged that he had been diagnosed with colitis, proctitis, and prostatitis, and he asserted that, after he was transferred to Allenwood from Ray Brook, defendants Dr. Cullen and Physician's Assistant Zalno did not adequately address his symptoms and should have prescribed other medication and a special diet. Gomez claimed that he told Assistant Health Services Administrator Parkyn about his dietary concerns in September 2018, but he did not receive a special diet until

---

[1] Defendants T. Cullen, R. Parkyn, and B. Zalno were employed at FCI-Allenwood, and J.B. Foster, K. Sorrell, and George Robinson (whom the defendants identified to be the "FCI Ray Brook Food Service Administrator"/John Doe that plaintiff named in his lawsuit) were alleged to have worked at FCI-Ray Brook during the relevant times.

2

February 2020. Gomez stated that Parkyn was otherwise responsible in a supervisory capacity.

After the plaintiff amended his complaint twice, the defendants filed a motion to dismiss and/or for summary judgment. In June 2021, the District Court granted the motion with respect to the Allenwood defendants and on the FTCA claim arising from alleged events at Allenwood. The District Court denied the motion with respect to the defendants from FCI Ray Brook and the FTCA ordinary negligence claim concerning events there, and it transferred those claims to the United States District Court for the Northern District of New York for further proceedings.[2] The District Court for the Middle District of Pennsylvania denied Gomez's motion for reconsideration. Gomez timely appealed to this Court.[3]

---

[2] Gomez does not challenge the transfer in this appeal.

[3] We will not dismiss this appeal due to a possible jurisdictional defect for lack of a final order. See 28 U.S.C. § 1291 (providing that the courts of appeals have jurisdiction over appeals from final decisions of the district courts). While the District Court's June 7, 2021 ruling granted relief in part and denied it in part, we are satisfied that that judgment is final. Although it did not explicitly say so, the District Court demonstrated its intent to sever the non-final part after concluding that it had no jurisdiction over Ray Brook defendants or the FTCA claim concerning alleged events there and ordering it transferred. See District Court's Order 6/7/2021 (ECF No. 50). "A severed claim proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken." U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Lab'ys, Inc., 149 F.3d 227, 231 n.3 (3d Cir. 1998); see also Gaffney v. Riverboat Servs. of Ind., Inc., 451 F.3d 424, 441 (7th Cir. 2006) ("Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability."). The District Court entered judgment with respect to the Allenwood defendants and claims and has closed the case. See ECF Nos. 50, 51, & 59.

3

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting a motion to dismiss. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). Likewise, we exercise plenary review over an order granting summary judgment and will affirm if there is "no genuine issue of any material fact and the movant is entitled to judgment as a matter of law." Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 28 (3d Cir. 2016) (citing Fed. R. Civ. P. 56). We will summarily affirm the District Court's judgment because this appeal presents no substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Gomez's claims against Cullen, Parkyn, and Zelno in their official capacities are barred by sovereign immunity. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Zelno was further protected from claims lodged against her in her individual capacity by statute, 42 U.S.C. § 233(a). See Hui v. Castaneda, 559 U.S. 799, 805-06 (2010) (explaining that members of the Public Health Service are immune from Bivens claims arising out of the performance of medical functions within the scope of their employment). Dismissal of these claims for lack of subject matter jurisdiction was therefore appropriate.

We also agree that Gomez's second amended complaint did not allege a viable Eighth Amendment claim against Parkyn in his individual capacity, and it, too, was properly dismissed. See D. Ct. Memorandum 6/7/21, at 19-21. Gomez argued that he should have received a special diet sooner than February 2020 (when one was made available) because Gomez told Parkyn in September 2018 that he had difficulties eating spicy food due to colitis. ECF No. 17 at 10-11. According to Gomez, Parkyn responded

4

that he had consulted with Cullen and learned that Gomez's colonoscopy (performed after Gomez's arrival at Allenwood) had not indicated colitis. Id. Gomez's claim here falls short of alleging that Parkyn had personal knowledge of a serious medical need and that he deliberately ignored a substantial risk to Gomez's health. See Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (explaining that prison officials can be deliberately indifferent to serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed"). Nor did Gomez state a viable supervisory liability theory because he did not allege that Parkyn had any reason to believe that the medical personnel were failing to address medical conditions or mistreating Gomez. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

We further concur in the District Court's award of summary judgment to Cullen on the Eighth Amendment claim and to the United States on the FTCA claim. For a successful Eighth Amendment claim, a plaintiff must make: "(1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious." Pearson, 850 F.3d at 534 (internal quotation marks omitted) (citation omitted). As detailed by the District Court, Cullen provided care and arranged for various follow-up tests and assessments as well as consultations with specialists. See D. Ct. Memorandum 6/7/2021, at 21-23. Gomez's disagreement with the course of treatment or his speculation as to what might have helped his condition is insufficient to support an Eighth Amendment deliberate indifference claim. See Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

5

The District Court also properly granted summary judgment to the United States on Gomez's FTCA claim. This claim—based on an alleged failure to diagnose and treat his medical conditions—is governed by Pennsylvania tort law for medical negligence.[4] And, although Gomez filed a certification stating that expert witness testimony would not be necessary to support his claim, we disagree. See Hightower-Warren v. Silk, 698 A.2d 52, 54 & n.1 (explaining that, to state a prima facie cause of action in Pennsylvania for medical negligence, a plaintiff must provide a medical expert to testify to the elements of duty, breach, and causation unless the matter is so simple or lack of skill is obvious to non-professional persons). We note that, in response to the motion for summary judgment, Gomez continued to insist that no expert would be necessary instead of indicating that he planned to provide such evidence. ECF No. 46 at 13-15.

On appeal, Gomez argues that the District Court erred by finding that his statement of facts did not comply with Middle District of Pennsylvania Local Rule 56.1, and that the Court should have used his statement as the operative facts. See id. (providing that non-moving party must submit "a separate, short and concise statement of material facts responding to the numbered paragraphs" of the moving party's statement, and must include references to the record in support). We have noted in the past that it is within the district court's purview to mete out appropriate penalties when a party has not complied with a local rule. See Weitzner v .Sanofi Pasteur Inc., 909 F.3d 604, 613-14 (3d Cir. 2018)

---

[4] We agree that, in light of the allegations that Gomez made regarding alleged events at Allenwood, the medical negligence standard, rather than one for ordinary negligence, applied.

(discussing applicability of M.D. Pa.L.R. 56.1). The purpose of this rule is to promote judicial efficiency in the administration of summary judgment, and, given that aim, we discern no abuse of discretion when the non-moving party has failed, as Gomez did, to adhere to the rule. Id. at 613.

Gomez further asserts that the District Court erred by granting summary judgment prior to entering a scheduling order under Federal Rules of Civil Procedure 16. To the extent that he is contesting the award of summary judgment before discovery, it would not appear that Gomez made a declaration of what discovery was needed and how it would preclude summary judgment. See Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015) (explaining that summary judgment may be granted when nonmovant's declaration is inadequate, such as not specifying what discovery was needed or why it had not previously been obtained).[5] Absent that, we cannot say the District Court abused its discretion by granting summary judgment.

For these reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

---

[5] We discern no abuse of discretion in the District Court's denial of Gomez's motions for appointment of counsel or reconsideration. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).