**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 21-2886

———————————

EMILIO ROMERO,
                                        Appellant
                          v.

TOWNSHIP OF TOBYHANNA; CHIEF OF POLICE CHRIS WAGNER; DETECTIVE
LUCAS BRAY; DETECTIVE MARK WEBB; BOROUGH OF MOUNT POCONO;
TOWNSHIP OF COOLBAUGH; TOWNSHIP OF TUNKHANNOCK; TOWNSHIP OF
BARRETT; TOWNSHIP OF PARADISE; ADA MICHAEL RACKACZEWSKI

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-19-cv-01038)
District Judge:  Honorable Joseph F. Saporito, Jr.

———————————

Submitted under Third Circuit LAR 34.1(a)
on October 20, 2022

Before: GREENAWAY, JR., MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 31, 2023)

———————————

OPINION[*]

———————————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**ROTH**, Circuit Judge

Emilio Romero brought a civil rights action, arising from his arrest on rape and related charges. The defendants moved for summary judgment, which was granted by the District Court. Romero appealed. He contends on appeal that the District Court improperly granted summary judgment and that it abused its discretion by striking his statements of facts and deeming the defendants' statements of facts admitted. For the reasons below, we will affirm the judgment of the District Court.

## I.

Romero was arrested and charged with rape and other offenses after a sexual encounter with his wife, which he recorded on his cellphone.[1] Police recovered various graphic videos that Romero produced of his wife without her knowledge, using hidden recording devices. Romero was tried by a jury in state court and acquitted on the sex offenses but convicted on related charges.[2] He was sentenced to serve five to twelve years in prison followed by three years' probation.

Romero subsequently brought federal civil rights claims against law enforcement officials and municipal entities, primarily under 42 U.S.C. §§ 1983 and 1981, as well as

---

[1] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary to resolve this case.

[2] The other charges included criminal use of a communication facility, possession of the instrument of a crime with intent to employ it criminally, possession of a controlled substance, interception of communications, possession of a device for intercepting communications, invasion of privacy, and tampering with evidence.

several state-law tort claims. Defendants moved for summary judgment.[3] Romero, however, failed to file responsive statements of facts pursuant to Fed. R. Civ. P. 56(c)(1) and M.D. Pa. L.R. 56.1. Nor did he file timely briefs, responding to defendants' motions to have their statements of facts deemed admitted for the purposes of summary judgment, despite the court's explicit instructions and multiple extensions of time to do so. As a result, the court ordered Romero's statements of facts stricken from the record and defendants' statements of facts admitted for the purposes of summary judgment.

The District Court then granted summary judgment in favor of the defendants. That evening, Romero filed two motions to vacate the District Court's order striking his statements of facts and deeming defendants' statements admitted. Romero cited no rule or other legal basis for the motions. The District Court construed them to be motions to reconsider under Fed. R. Civ. P. 59(e) because they were filed after entry of final judgment. The court denied them.

Romero appeals both the District Court's order, striking his statements of facts and deeming the defendants' statements admitted, and the grant of summary judgment.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's application and

---

[3] Defendants sorted themselves into two separately represented groups in response to Romero's complaint in the District Court and on appeal: The Township defendants and the County defendants. For the purposes of this opinion, we refer to all defendants collectively.

interpretation of its local rules for abuse of discretion.[4] We review orders, granting summary judgment, de novo.[5]

First, we find no abuse of discretion in the District Court's order to strike Romero's statements of facts and to deem defendants' statements admitted. "[L]ocal rules play a 'vital role in the district courts' efforts to manage themselves and their dockets," and "facilitate the implementation of court policy. . ..."[6] For this reason, it is both fitting and "beyond question that the District Court has the authority to strike filings that fail to comply with its local rules."[7] Local Rule 56.1 makes plain that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [moving party's] statement."[8] The Rule further requires such statements to "include references to the parts of the record that support the statements."[9] As we have previously observed, "the Rule 'is essential to the Court's resolution of a summary judgment motion' due to its role in 'organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence.'"[10]

---

[4] *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018).
[5] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 388 (3d Cir. 2017).
[6] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 174 (3d Cir. 1990) (quoting *Smith v. Oelenschlager*, 845 F.2d 1182, 1184 (3d Cir. 1988)).
[7] *Weitzner*, 909 F.3d at 614.
[8] M. D. Pa. L.R. 56.1.
[9] *Id.*
[10] *Weitzner*, 909 F.3d at 613 (quoting *Kramer v. Peerless Indem. Ins. Co.*, No. 3:CV-08-2096, 2010 WL 11553711, at *1 (M.D. Pa. Apr. 21, 2010)).

Here, the District Court was well within its discretion in striking Romero's untimely responses to the defendants' statements of material facts. The responses failed to include required references to the record. Also, Romero failed to file a brief in opposition to the defendants' motions, as explicitly directed both by Local Rule 7.6 and the court's own order.[11] We note that the court granted Romero multiple extensions of time to comply with these requirements, including one *sua sponte* extension entered three weeks after the expiration of Romero's time to respond. Accordingly, we conclude that the District Court properly struck Romero's statements of facts.

We also conclude that the District Court's Sept. 15, 2021 Order, denying Romero's motions to reconsider, was proper.[12] We discern no error (and Romero indicates none) in the court's construction of his filings as motions to reconsider under Fed. R. Civ. P. 59(e). On appeal, Romero presents no factual or legal basis for his claim that the District Court abused its discretion in denying these motions. Instead, he appears to assert that the District

---

[11] *See* Md. Pa. L.R. 7.6 ("Any party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion."); Feb. 4, 2021, Minute Order ECF No. 93. ("[O]pposition briefs to Docs. 84, 86 and 88 due within 14 days of date of Order or motions shall be deemed unopposed.").

[12] *See* Order (Sept. 15, 2021), ECF No. 106. We generally review a denial of a motion for reconsideration for abuse of discretion, and we review the District Court's underlying legal determinations de novo and factual determinations for clear error. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010) (citing *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 673, 677 (3d Cir. 1999) (explaining "the purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence" and noting a court may alter or amend a judgment if the moving party demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; [and/]or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'").

Court's denial constituted an abuse of discretion simply because he filed his motion to vacate within the filing deadlines contemplated by Local Rules 7.1 and Fed. R. Civ. P. 59. Such a position is facially meritless. Romero's claim that the District Court's denial will result in manifest injustice is not supported by any factual basis or legal authority, and we find none in the record.

Finally, both the record and relevant case law support the District Court's grant of summary judgment. On appeal, Romero raises four challenges, each reliant on the underlying premise that the District Court improperly found there was probable cause for his arrest and prosecution. Reviewing the District Court's determination de novo, we agree with the District Court that "it is clear from the record on summary judgment that, on June 22, 2017, authorities had probable cause to initiate the criminal proceedings against Romero."[13] Even the facts set forth in Romero's own appellate brief would support such a result, including the graphic, detailed witness statement provided by his wife to the investigating detective shortly after the sexual encounter that precipitated his arrest, and the corroborating evidence police found in Romero's home upon execution of a duly-issued search warrant.[14] Romero's remaining contentions are without merit.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[13] Op. 28–31.

[14] *See Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000) (Without "[i]ndependent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers" to outweigh it, "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause."); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) ("When a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest.").