**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1136
_____

GILBERT M. MARTINEZ,
                                        Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF
TRANSPORTATION; LAURELDALE POLICE DEPARTMENT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5:23-cv-02826)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2025
Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: March 7, 2025)
_____

OPINION*
_____

PER CURIAM

     Appellant Gilbert Martinez, proceeding pro se, appeals the District Court's order

denying his motion to remand and granting the defendants' motions to dismiss his civil

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

action. He also appeals the denial of his motion under Federal Rule of Civil Procedure 60(b) to vacate that judgment. For the reasons that follow, we will affirm the judgment of the District Court.

In June 2023, Martinez filed a civil action in the Berks County Court of Common Pleas against the Pennsylvania Department of Transportation ("PennDOT") and the Laureldale Police Department. The operative amended complaint alleged that the defendants, in connection with a March 2023 traffic stop, violated Martinez's rights under "the 4th, 5th, 7th, 8th, 9th, [and] 14th Amendments of the U.S. Constitution, The Due Process Clause, and Equal protection of the laws." D.Ct. ECF No. 1-3 at 2. In addition to monetary damages under 42 U.S.C. § 1983, Martinez sought declaratory relief and to strike the judgment of the state magistrate judge relating to his traffic citations.

The Laureldale Police Department, with the consent of PennDOT, removed the action to federal court, after which both defendants moved to dismiss. Martinez did not respond to the motions to dismiss. Instead, he filed a motion to remand arguing, inter alia, that the removal was untimely and that the District Court lacked subject matter jurisdiction because his action arose under state law. Martinez also argued that remand was required because the notice of removal failed to include "a complete record … of all pleadings, and court orders in the case" as required by 28 U.S.C. § 1446(a). D.Ct. ECF No. 9 at 4; 28 U.S.C. § 1446(a) (requiring the filing of "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). The Laureldale

2

Police Department, as the removing party, filed a response in opposition to the motion to remand, but only after being ordered to do so by the District Court.

The District Court denied the motion to remand, concluding that subject matter jurisdiction was proper, and that removal was timely. It did not address Martinez's assertion that the notice of removal failed to comply with § 1446(a). The District Court also granted the defendants' motions to dismiss, dismissing the claims against PennDOT with prejudice. The claims against the Laureldale Police Department were dismissed in part without prejudice, and Martinez was given an opportunity to file an amended complaint. He was warned that the failure to do so by a specific date would result in the dismissal of all claims with prejudice.

Martinez never filed an amended complaint. Instead, he filed a motion to void or vacate the judgment pursuant to Rule 60(b), reiterating his previously advanced arguments regarding remand. He further asserted that the District Court abused its discretion and violated Federal Rule of Civil Procedure 6(b)[1] and Local Rule 7.1 by sua sponte ordering the Laureldale Police Department to respond to the motion to remand after they failed to do so. The District Court denied the motion.

Martinez appeals both the judgment of the District Court denying his motion for remand and dismissing his civil action and the denial of his Rule 60(b) motion. He asserts that the District Court erred in denying remand because there is no federal

---

[1] Martinez actually references Rule 7(b), but it is Rule 6(b) that governs extensions of time.

question jurisdiction over his claims, and because the notice of removal was both untimely and failed to include a copy of all process and pleadings filed in the state court. He further asserts that the District Court abused its discretion by sua sponte directing the Laureldale Police Department to respond to his motion to remand after the time in which to respond had already expired.[2]

We have jurisdiction under 28 U.S.C. § 1291.[3] "We exercise plenary review over the denial of a motion to remand to the extent that the underlying basis is a legal question." Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 151 (3d Cir. 2018) (quoting Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 287 (3d Cir. 2010)). We review the denial of a Rule 60(b) motion for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We also review for abuse of discretion "a district court's application and interpretation of its own local rules," Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018), and its rulings regarding extensions of time, see Drippe v. Tobelinski, 604

---

[2] Notably, Martinez does not challenge the District Court's grant of the defendants' motions to dismiss for failure to state a claim. Accordingly, we agree with the defendants that he has forfeited any challenge to those rulings. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

[3] Orders dismissing a complaint in part without prejudice typically are not final decisions under § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, they can become final if the plaintiff unequivocally stands on his filings. See Oakwood Lab'ys, LLC v. Thanoo, 999 F.3d 892, 903 n.9 (3d Cir. 2021). Martinez has done that here by filing this appeal instead of curing the deficiencies identified by the District Court and by indicating on appeal that he stands on his original filings. See 3d Cir. ECF Nos. 7 at 1; 11 at 4; see also D.Ct. ECF No. 28.

F.3d 778, 783 (3d Cir. 2010) (explaining that "we accord district courts great deference with regard to matters of case management").

We agree that the District Court properly denied Martinez's motion to remand, and Rule 60(b) motion. The District Court clearly had subject matter jurisdiction over Martinez's complaint, which asserted violations of his constitutional rights and sought monetary damages for those violations under 42 U.S.C. § 1983. Martinez's assertion that the District Court lacked federal question jurisdiction because his claims "[arose] under" state law, despite his "invok[ing]" constitutional violations and § 1983, is simply meritless. See 3d Cir. ECF No. 17 at 11-12. For the reasons stated by the District Court, see D.Ct. ECF Nos. 17 at 4; 26 at 4, we also agree that the notice of removal was timely, as the Laureldale Police Department was not properly served until July 5, 2023. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (finding that a defendant's time to remove under 28 U.S.C. § 1446(b) is triggered by proper service).[4]

While Martinez is correct that the notice of removal failed to include "a copy of all process, pleadings, and orders" served on the defendants, see 28 U.S.C. § 1446(a), he has demonstrated no prejudice from the omission. Nor did the omission hinder the District

---

[4] In addition to the reasons stated by the District Court as to why Martinez's earlier attempts at service were improper, we note that Pennsylvania Rule 205.4 appears to prohibit the service of original process via email. See 231 Pa. Code Rule 205.4(g) (providing that "[c]opies of all legal papers **other than original process** filed in an action or served upon any party to an action may be served … (ii) by electronic transmission … if the parties agree thereto") (emphasis added).

5

Court's ability to proceed with the case. Accordingly, we agree with the District Court that such a de minimus procedural defect does not require remand. See Countryman v. Farmers Ins. Exch., 639 F.3d 1270, 1273 (10th Cir. 2011) (concluding that the "omission of a summons from Defendants' joint notice of removal was an inadvertent, minor procedural defect that was curable" and did not require remand); see also Walton v. Bayer Corp., 643 F.3d 994, 999 (7th Cir. 2011) ("No more does a totally inconsequential defect in removal papers deprive the district court of jurisdiction over a case removed to it."); Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (concluding that the removing party's failure to include state court pleadings and process was procedurally incorrect but "not a jurisdictional defect").

Finally, Martinez asserts that we must vacate the District Court's judgment because the Laureldale Police Department did not timely move to contest his motion for remand within the fourteen days required by local rule 7.1, and because the District Court's order for them to respond outside that time frame violated Federal Rule of Civil Procedure 6(b). See 3d Cir. ECF No. 17 at 12. We disagree.

Local Rule 7.1 provides that, "*Unless the Court directs otherwise*, any party opposing [a] motion shall serve a brief in opposition … within fourteen (14) days," and that "[i]n the absence of a timely response, the motion *may* be granted as uncontested." EDPA Local Civil Rule 7.1(c) (emphasis added). The Rule further provides, however, that "[t]he Court may require or permit additional briefs or submissions if the Court deems them necessary." Id. Here, the District Court otherwise directed the Laureldale

6

Police Department to file a response to the motion to remand, as permitted by the local rule. Such an order, specifically contemplated by the local rule, did not otherwise violate Federal Rule of Civil Procedure 6(b). Further, while the local rule permits the District Court to grant a motion as unopposed when there is no timely response in opposition, it plainly does not require it to do so. Accordingly, we discern no abuse of discretion in the District Court's interpretation and application of its own local rules to allow it to order a response and, even in the absence of such a response, deny the motion to remand. See Weitzner, 909 F.3d at 613.

As we discern no error in the District Court's denial of Martinez's motion for remand, or abuse of discretion in its denial of Martinez's Rule 60(b) motion, we will affirm the judgment of the District Court.