**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1018
_____

LARRY ST. CLAIR WHETSTONE,
Appellant

v.

FRALEY AND SCHILLING TRUCKING COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-01842)
District Judge:  Honorable Christy C. Wiegand
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2022
Before:  RESTREPO, PHIPPS and RENDELL, Circuit Judges

(Opinion filed: September 28, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Larry Whetstone appeals pro se from the District Court's order denying his motion

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for summary judgment and granting the defendant's cross-motion for summary judgment in this employment discrimination case. We will affirm the District Court's judgment.[1]

I.

In April 2018, Whetstone, then a truck driver for Fraley and Schilling Trucking Company ("Fraley & Schilling"), was injured in a work-related accident, which he alleged resulted in chest pain, headaches, neck pain, and acute stress disorder. Following his accident, Whetstone filed a workers' compensation claim, and he received leave under the Family and Medical Leave Act ("FMLA") through July 26, 2018, as well as disability benefits through November 7, 2018. Whetstone was unable to return to work, and on November 21, 2018, he received an email from a member of Fraley & Schilling's human resources department stating that, because Whetstone's FMLA leave had expired and he was not able to return to work, the company would classify his employment as "voluntarily terminated." See App. at 197, ECF No. 6.

It is unclear what occurred in the interim, but several weeks later, Whetstone signed, and a workers' compensation judge approved, a Compromise and Release Agreement pursuant to which Whetstone received "a one-time lump sum payment . . . to fully and finally resolve all . . . benefits arising out of the alleged April 27, 2018 work injury." Id. at 30. The same day, Whetstone, represented by counsel, signed a Resignation from Employment Agreement ("Resignation Agreement"), stating in part:

---

[1] Whetstone's request for oral argument is denied.

"Claimant, Larry Whetstone, agrees that he resigns his position at Fraley & Schilling, Inc., effective [December 18], 2018." Id. at 38. The Resignation Agreement also included a clause releasing the company from any claims that Whetstone might wish to bring "under the [FMLA] or any Pennsylvania laws related thereto; the Americans with Disabilities Act; or any Pennsylvania laws related thereto; or any other claims that may arise from his April 27, 2018 work injury." Id.

Months later, Whetstone filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission. The EEOC issued a right-to-sue notice in August 2020, and Whetstone subsequently filed this action in the District Court, raising claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. Whetstone alleged that he was wrongfully terminated because of the injuries he sustained in his accident, that Fraley & Schilling discriminated against him by failing to offer temporary or light-duty roles that had been offered to injured white drivers, and that Fraley & Schilling retaliated against him by terminating him while his workers' compensation claim remained open. The case proceeded to discovery, and the parties cross-moved for summary judgment.

In December 2021, the District Court denied Whetstone's motion and granted Fraley & Schilling's cross-motion. The District Court concluded that Whetstone failed to comply with Western District of Pennsylvania Local Civil Rule 56 because he did not file

3

a concise statement of material facts in support of his motion for summary judgment or a proper response to Fraley & Schilling's concise statement of material facts. In accordance with Local Civil Rule 56.E, the District Court treated the facts in Fraley & Schilling's statement as undisputed, except that the District Court considered contradictory facts from Whetstone's briefs insofar as they had support in the record. The District Court then concluded that Whetstone failed to establish a prima facie case under either the ADA or Title VII, and that Whetstone had waived all claims arising from the April 2018 accident in his Resignation Agreement. Whetstone timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (alteration in original) (internal quotation marks omitted); see Fed. R. Civ. P. 56(a). Summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "[A] district court's application and interpretation of its own local rules should generally be reviewed for abuse of discretion." Weitzner v. Sanofi Pasteur

4

Inc., 909 F.3d 604, 613 (3d Cir. 2018).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Whetstone first argues that the District Court erred in applying Local Rule 56 to the parties' cross-motions for summary judgment.  We have recognized that such a local rule is permissible so long as the District Court also conducts a review on the merits and concludes that judgment for the moving party is "appropriate" in accordance with Federal Rule of Civil Procedure 56.  See Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Although "we tend to be flexible when applying procedural rules to pro se litigants" like Whetstone, such litigants still "must abide by the same rules that apply to all other litigants."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013).  Here, the District Court analyzed the parties' summary judgment motions on the merits and determined that judgment for Fraley & Schilling was appropriate on the record before it.  And, as we noted above, although the District Court treated Fraley & Schilling's statement of material facts as undisputed, it did so with the caveat that it would consider contradictory facts asserted in Whetstone's briefs insofar as they had support in the record.  Under these circumstances, we see no error in the District Court's application of Local Rule 56 to this case.

Whetstone also argues that the District Court erred in concluding that he waived

his ADA claims in the Resignation Agreement.[2]  He contends, for example, that he did

not receive consideration in exchange for the waiver because his Resignation Agreement

was distinct from the Compromise and Release Agreement pursuant to which he received

the lump-sum payment resolving his workers' compensation claim.  We need not resolve

this issue, however, because even if the release is invalid, Fraley & Schilling was entitled

to summary judgment on the merits of Whetstone's ADA claims.

Whetstone emphasizes that his "major complaint" is that he was wrongfully

terminated while "engaged in the protected act of workers['] compensation."  Appellant's

Reply Br. at 2, ECF No. 15.  However, the ADA does not give rise to such a claim.  This

statute "prohibit[s] employers from retaliating against employees who oppose or

complain about discriminatory treatment," EEOC v. Allstate Ins. Co., 778 F.3d 444, 448-

49 (3d Cir. 2015), not those who seek compensation for work-related injuries, see

Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012) ("Filing a workers'

compensation claim is not something that is covered by the ADA, but rather by

retaliation provisions under state law."); see also Rorrer v. City of Stow, 743 F.3d 1025,

---

[2] Whetstone does not challenge the District Court's analysis of his Title VII claims in his opening brief, and indeed he suggests in his reply brief that Fraley & Schilling has improperly characterized this action as a race-discrimination case.  Thus, we deem Whetstone's Title VII claims forfeited.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).  And insofar as Whetstone now argues that Fraley & Schilling violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., he did not raise such a claim in his complaint and cannot do so for the first time on appeal.  See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

1046 (6th Cir. 2014) (reasoning that "[t]he ADA is not . . . a catchall statute creating a cause of action for any workplace retaliation, but protects individuals only from retaliation for engaging in, or aiding another who engages in, activity covered by the ADA"). Thus, Fraley & Schilling was entitled to summary judgment on Whetstone's ADA retaliation claim.

To the extent that Whetstone maintains that Fraley & Schilling violated the ADA by discriminating against him based on his disability, he failed to put forward sufficient evidence to survive summary judgment. To make out a prima facie case of discrimination under the ADA, a plaintiff must demonstrate, among other things, that he suffered an adverse employment action because of his disability.[3] See Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006). Here, the evidence shows that because Whetstone was unable to return to work after exhausting his leave, the company viewed his employment as voluntarily terminated pursuant to its FMLA policy, and that several weeks later he signed a resignation agreement with the representation of counsel. We tend to agree with the District Court that this falls short of creating a triable issue that Whetstone suffered an adverse employment action. Cf. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 186, 189 (4th Cir. 2004) (indicating that unless there is a

---

[3] The District Court did not determine whether Whetstone established that he was in fact disabled, or whether he was a "qualified individual" under the ADA, see 42 U.S.C. §§ 12111, 12112, and we need not consider those questions here.

7

claim for constructive discharge—which Whetstone has not made—voluntary resignation does not constitute adverse employment action). And even if Fraley & Schilling's November 21, 2018 email demonstrates, as Whetstone insists, that he did not resign, he failed to point to evidence that the company's actions were "a result of discrimination." Gaul v. Lucent Techs. Inc., 134 F.3d 576, 580 (3d Cir. 1998); see Uhl v. Zalk Josephs Fabricators, Inc., 121 F.3d 1133, 1137 (7th Cir. 1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim."). Whetstone's vague allegations that he should have been provided more time to recover were insufficient to support his motion for summary judgment or withstand the company's cross-motion. See Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991) (noting that "vague statements" are insufficient to create a material question of fact precluding summary judgment); see also Parker v. Columbia Pictures Indus., 204 F.3d 326, 338 (2d Cir. 2000) ("The duty to make reasonable accommodations does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover . . . ."); Shiring v. Runyon, 90 F.3d 827, 832 (3d Cir. 1996) (reasoning that, to make out a prima facie case under the Rehabilitation Act, which utilizes similar standards to the ADA, an employee must "make at least a facial showing that [an] accommodation is possible").

8