DLD-137                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2772
_____

BRIAN L. TAYLOR,
                              Appellant

v.

C. CARTER, Deputy of Unemployment Insurance – Appeal Tribunal;
DAWN GARDENSHIRE, Claims Examiner – Appeal Tribunal;
NANCY HUNT, Board of Review Member; JOSEPH SIEBER, Board of Review
Member; NEW JERSEY DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT; AM RETAIL GROUP, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-20-cv-18578)
District Judge:  Honorable Jessica S. Allen

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2024
Before:  JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: July 1, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Brian Taylor, proceeding pro se and in forma pauperis, appeals from an order of the District Court denying his motion to file a reply brief relating to a motion for reconsideration. For the reasons that follow, we will summarily affirm the District Court's order.

After he was terminated from his job for threatening a co-worker, Taylor unsuccessfully sought unemployment benefits through the New Jersey Department of Labor ("NJDOL"). Taylor then filed a civil action in federal court raising various claims relating to that denial of benefits, including but not limited to claims of discrimination and negligence. The Defendants moved to dismiss the action on various grounds, including lack of subject matter jurisdiction and failure to state a claim. The District Court granted the motion and dismissed the case with prejudice, concluding that the Defendants were entitled to sovereign immunity under the Eleventh Amendment.

Taylor filed a motion for reconsideration, which the Defendants opposed. The District Court denied the motion. In so doing, it noted that it would not consider a reply brief submitted by Taylor as he had not first obtained the District Court's permission to file a reply as required by Local Rule 7.1. D.Ct. ECF No. 65 at 1 n.1. The District Court further noted that it nonetheless was "not persuaded that [Taylor]'s reply would have any bearing on the outcome" of the motion for reconsideration. Id. Taylor thereafter

2

submitted a motion "seeking permission … to submit a response brief" in further support of the already-denied motion for reconsideration. D.Ct. ECF No. 68 at 3. The District Court denied the motion. See D.Ct. ECF No. 77. Taylor appeals that denial.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) ("Most post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter." (cleaned up)). We review for abuse of discretion "a district court's application and interpretation of its own local rules." Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

An abuse of discretion can result from "an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact." McDowell v. Phila. Hous. Auth. (PHA), 423 F.3d 233, 238 (3d Cir. 2005). We discern no abuse of discretion in the District Court's denial of Taylor's motion to file a reply brief, particularly where the motion was not filed until after the motion for reconsideration had already been denied. As noted by the District Court, it previously observed that nothing in the

_____

[1] To the extent Taylor's filings can be construed as seeking to appeal any other orders of the District Court, his notice of appeal is timely only as to the order denying his request to file a reply brief. See Fed. R. App. P. 4(a)(1).

3

proposed reply "would have any bearing on the outcome" of the original motion for reconsideration. D.Ct. ECF No. 77 at 2. In addition, the exhibits which Taylor sought to have considered did not constitute new, previously unavailable evidence that could have properly formed a basis for reconsideration. See id. at 2 n.2.

Accordingly, we will summarily affirm the decision of the District Court.

4